IN THE MATTER OF THE APPEAL OF C. BOLTE
AND J. O. CARTER, TRUSTEES, FROM AN AS-
SESSMENT OF STAMP DUTY BY A. J. CAMP-
BELL, TREASURER OF THE TERRITORY.

SUBMITTED JANUARY 31, 1907.    DECIDED FEBRUARY 1, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

STAMP DUTY—*instrument modifying terms of mortgage assessable as
agreement, not as mortgage.*

> An instrument reducing the rate of interest on bonds secured by
> an existing mortgage, extending the time of payment of the
> bonds, providing for new coupons, and permitting the trustees to
> take possession of the mortgaged property and manage it and
> apply the income for the benefit of all concerned, should be
> stamped as an agreement and not as a mortgage.

OPINION OF THE COURT BY FREAR, C. J.

On September 17, 1901, J. P. Mendonca mortgaged certain
property to C. Bolte and J. O. Carter, trustees, to secure pay-
ment of one hundred and forty $1000 7 per cent. coupon bonds
payable in instalments at various times from 1903 to 1910. A
stamp duty of $409 was paid on that mortgage. On March 22,
1904, the first instalment of $20,000 not having been paid when
due but all interest having been paid, further security was given
by another instrument upon which a stamp duty of $1 was paid
and which provided for the release of a portion of the additional
security upon payment of the first instalment of $20,000 and
the rest of the additional security upon payment of an addi-
tional $20,000. On July 9, 1906, another instrument was
executed referring to the two earlier instruments and the
payment of all interest and $30,000 of the bonds, extend-
ing the time of payment of the remaining $110,000 to 1916,

reducing the rate of interest to 6 per cent., providing for new coupons bearing the date of the instrument and that the trustees should take possession of the property, except the part agreed to be released on the payment of the first $20,000, and manage the same and apply the income thereof to expenses, their salary, the interest, an allowance to the mortgagee, and a sinking fund, with provisions for a sale upon default, and expressly providing that the earlier instrument should continue in full force and effect except so far as necessary to give effect to the instrument in question.

The treasurer assessed a stamp duty of $319 on the last mentioned instrument on the theory that it was a mortgage. The trustees, contending that the duty should be only $1, on the theory that the instrument was merely an agreement, appealed from the decision on a case furnished by the treasurer under section 1309 of the Revised Laws.

The decision of the treasurer cannot be sustained. A mortgage is a conveyance of property as security. In this case the mortgage was already in existence and stamp duty had been paid upon it. The instrument in question was not a mortgage. It conveyed no property. It was merely an agreement reducing the interest on and extending the time of payment of the debt secured by the mortgage already made in consideration of the mortgagor's agreement after default that the trustees should take possession and manage the property for the benefit of all concerned.

The stamp duty is fixed at $1.

*W. L. Stanley* (*Holmes & Stanley* on the brief) for the trustees.

*M. F. Prosser, Deputy Attorney General,* for the treasurer.