In re O. R. & L. Co., 19 Haw. 544.

# IN RE APPEAL OF THE OAHU RAILWAY & LAND COMPANY FROM AN ASSESSMENT OF STAMP DUTY BY D. L. CONKLING, TREASURER OF THE TERRITORY.

ARGUED AUGUST 27, 1909.              DECIDED SEPTEMBER 3, 1909.

WILDER AND PERRY, J.J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF HARTWELL, C.J.

TAXATION—*stamp duty—instrument assessable as agreement, not as mortgage.*

.An instrument effectuating a reduction in the rate of interest on bonds secured by an existing mortgage and a change in the optional time of payment and continuing the mortgage as security for the new bonds issued bearing the reduced rate of interest, should be stamped as an agreement and not as a mortgage.

### OPINION OF THE COURT BY PERRY, J.

On January 1, 1897, the appellant, the Oahu Railway & Land Co., executed a trust mortgage to secure an issue of bonds in the sum of $2,000,000 bearing interest at the rate of six per cent. per annum and payable January 1, 1927, with an option to the mortgagor to pay the whole issue after an earlier date named. That mortgage was duly stamped and recorded in the registry of conveyances. On June 26, 1909, the appellant gave notice by advertisement that the entire issue of bonds then outstanding would be redeemed July 1, 1909, and on the same day W. G. Irwin, as underwriter of a new bond issue, gave notice that in accordance with the agreement between the underwriter and the appellant holders of the outstanding bonds might exchange them for bonds of the new issue, paying a stated premium, or might receive cash and accrued interest for the outstanding bonds. On June 29, 1909, in pursuance of notice given on the 26th of that month, the stockholders of the appellant company voted to ratify the action of the board of directors in calling in the outstanding bond issue and in con-

tracting for the making and underwriting of a new bond issue, to bear interest at five per cent. for refunding the former, and also voted to authorize the execution of the instrument hereafter referred to as exhibit A. From the proceeds of the sale of the new bonds the old issue is to be paid and canceled, save in so far as an exchange may be made under the offer of the underwriter. The treasurer of the Territory has assessed the stamp duty on exhibit A at the sum of $5989 on the theory that the instrument is a mortgage and from that ruling the appellant has appealed claiming the duty to be $1 only on the theory that the instrument is an agreement.

Exhibit A, after reciting the execution of the mortgage of 1897, a change in the personnel of the trustees under the same, the desire of the company to refund the issue of six per cent. bonds by a new issue of five per cent. bonds, the authorization of such change, the fact that the new bonds are in all respects as nearly as practicable identical with the old bonds except that they bear interest at five per cent. per annum in place of six per cent. and that the company has the option of redeeming them on July 1, 1919, or on any interest due date thereafter until maturity, witnesses "that the company in consideration of one dollar * * * paid by the trustees * * * does hereby covenant and agree with the trustees that said trust mortgage * * * shall stand and be security" for the bonds of the new issue; "that said trust mortgage shall not be redeemed or redeemable * * * until all of said bonds shall be fully paid and discharged * * * and that the holders from time to time of the new issue * * * shall have * * * all the rights, privileges and remedies secured to the bondholders under said trust mortgage;" and that "the trustees in consideration of the premises and of one dollar * * * paid by the company * * * do hereby covenant with the company to stand seized" of all the mortgaged property "for the equal protection of all the holders" of the new bonds "upon

the same trust with the same powers and subject to the same limitations as are set forth at large in the trust mortgage."

The only question is whether this instrument is, within the meaning of Sec. 1320 of the Revised Laws providing for stamp duties, an "agreement" or a "mortgage or charge on or affecting any lands or property real or personal whatsoever." In our opinion it is an agreement. The language used in *The Appeal of C. Bolte,* 18 Haw. 241, 242, is applicable. "A mortgage is a conveyance of property as security. In this case the mortgage was already in existence and stamp duty had been paid upon it. The instrument in question was not a mortgage. It conveyed no property." It was merely an agreement effectuating a reduction in the rate of interest and a change in the optional time of payment of the debt secured by the mortgage already made and continuing that mortgage as security for the new bonds. The covenant to stand seized does not, as claimed by the treasurer, operate as a conveyance from the appellant. That covenant is by the trustees and not by the original mortgagor and the only mortgage claimed by the treasurer to exist is one from the appellant. The title was in the trustees prior to the execution of exhibit A.

The stamp duty is fixed at $1.

*S. M. Ballou (Kinney, Ballou, Prosser & Anderson* on the brief) for O. R. & L. Co.

*C. R. Hemenway, Attorney General,* for the Treasurer of the Territory.